IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

                Plaintiff,

      -vs-

Christopher Michael McCormick,

                Defendant.

Case No. 3:08 CR 256

MEMORANDUM OPINION
AND ORDER

JUDGE JACK ZOUHARY

**INTRODUCTION**

Pending before the Court is *pro se* Defendant Christopher McCormick's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 33), which the Government opposes (Doc. No. 35). Defendant alleges he suffered several constitutional violations prior to his plea of guilty, including illegal searches and seizures, violations of his privilege against self-incrimination, and ineffective assistance of counsel. For the following reasons, Defendant's Motion is denied.

**BACKGROUND**

**Defendant's Conviction and Sentence**

In 2008, the Government charged Defendant by way of an Information with knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). Defendant was appointed counsel, and after initially entering a plea of not guilty, Defendant changed his plea to guilty. The parties did not enter into a written plea agreement (Doc. No. 28). The U.S. Probation Office prepared a presentence investigation report ("PSR"), to which neither party objected, recommending a

sentencing Guideline range of 210 to 262 months (PSR ¶ 88).  The PSR also indicated Defendant faced a mandatory minimum sentence of five years and a maximum of twenty years imprisonment, and therefore his Guideline range was capped at 240 months.

This Court sentenced Defendant to 225 months imprisonment and supervised release for life (Doc. Nos. 17 & 29).  Defendant appealed his sentence on the basis that it was substantively unreasonable and that the eighteen level enhancement (from a base offense level of 22 to an adjusted offense level of 40) violated his right to a trial by jury.  The court of appeals, however, upheld Defendant's sentence. *United States v. McCormick*, 401 F. App'x 29 (6th Cir. 2010).  Defendant then timely filed the Section 2255 Motion presently before this Court seeking to vacate his conviction and sentence on the basis that his Fourth, Fifth, and Sixth Amendment rights were violated prior to his guilty plea.

DISCUSSION

### Standard of Review

Ordinarily, to prevail on a Section 2255 motion alleging constitutional error, the defendant must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).  In a petition for collateral review under Section 2255 seeking to vacate a sentence, a prisoner must clear a significantly higher hurdle than would exist on direct appeal. *McNeil v. United States*, 72 F. Supp. 2d 801, 803 (N.D. Ohio 1999). The defendant has the burden of sustaining his contentions by a preponderance of the evidence. *Id.*

However, to raise claims under Section 2255 after a defendant has failed to assert them on direct appeal (a procedural default), he also must show "either that (1) he had good cause for his

failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).  This is so because "Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Id.* (citing *U.S. v. Frady*, 456 U.S. 152, 167–68 (1982)).

Furthermore, "[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." *Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting *United States v. Brown*, 62 F.3d 1418 (6th Cir. 1995) (table case)).  Failure to raise an issue at an earlier opportunity constitutes a waiver of the claim.  *United States v. Walsh*, 733 F.2d 31, 34–35 (6th Cir. 1984).

### Fourth and Fifth Amendment Claims

Defendant argues his right against unreasonable searches and seizures was violated. Defendant claims he was stopped while walking home from a friend's home by a Toledo police officer who took the bag Defendant was carrying and turned on the computer Defendant had inside. When the name and social security number Defendant gave the officer could not be verified with radio dispatch, and Defendant's explanation as to where he acquired the laptop proved unsatisfactory to the officer, the officer took Defendant and his laptop to the police station.  There, Defendant was held, by his estimate, for approximately twenty minutes before he was released without his laptop, which officers believed was stolen.  A later search of the computer's hard drive (pursuant to a search warrant) uncovered a folder of child pornography.  Defendant also argues his right against self-incrimination was violated when Toledo police officers questioned him without first providing him *Miranda* warnings.

3

Notably, Defendant's claims all share a common and dispositive fact: each allegedly occurred prior to Defendant's guilty plea.  The Supreme Court has long recognized "the general rule that a guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to the pretrial proceedings." *Lefkowitz v. Newsome*, 420 U.S. 283, 288 (1975) (citing *Brady v. United States*, 397 U.S. 742 (1970); *McMann v. Richardson*, 397 U.S. 759 (1970); *Parker v. North Carolina*, 397 U.S. 790 (1970)).  "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . ." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  A defendant's guilty plea, therefore, "renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt." *Menna v. New York*, 423 U.S. 61, 62 (1975).

Here, Defendant's Fourth Amendment claims are based on events that took place prior to his guilty plea, and therefore he cannot make those challenges now.  *See United States v. Zavada*, 291 F.2d 189, 191 (6th Cir. 1961) ("One who pleads guilty is not in a position to successfully move for vacation of judgment on claims of an alleged illegal search and seizure or lack of evidence to sustain a conviction."); *see also Jordan v. United States*, 1994 U.S. App. LEXIS 34483, at *5 (6th Cir. 1994); *Crockett v. Haskins*, 372 F.2d 475 (6th Cir. 1966).  Likewise, Defendant's self-incrimination violation claim is also based on events taking place prior to his guilty plea, and therefore he is barred from making the argument now.

4

**Ineffective Assistance Claim**

Defendant claims his trial counsel was ineffective for failing to raise the claims Defendant now asserts.  Like his Fourth Amendment claims, Defendant's ineffective assistance of counsel claim was rendered irrelevant once he entered his guilty plea.  *See United States v. Stiger*, 20 F. App'x. 307 (6th Cir.2001) (ineffective assistance of counsel claim relates to "earlier alleged constitutional deprivations," rather than the voluntary nature of a defendant's guilty plea) (citing *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (pre-plea ineffective assistance of counsel claims are waived by entry of guilty plea)); *see also United States v. Martin*, 2009 U.S. Dist. LEXIS 62268, *9–10 (N.D. Ohio 2009).

**Voluntariness of Plea**

Finally, Defendant challenges the voluntariness of his guilty plea.  Defendant claims that when he asked his counsel if he would receive a shorter sentence if he pled guilty sooner, she replied "Normally, yes," and this statement unlawfully induced Defendant to plead guilty.

By pleading guilty in a criminal case, a defendant waives not only his or her constitutional right to a fair trial, but also other accompanying constitutional guarantees.  *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).  Therefore, the Constitution requires that a defendant entering a guilty plea does so "knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences."  *Brady*, 397 U.S. at 748.  "A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps

5

by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Id.* at 755.

At Defendant's change of plea hearing, this Court asked Defendant if he understood the purpose of the hearing, if he had discussed the charges with his trial counsel, and whether he was satisfied with counsel's advice. Defendant responded in the affirmative to each question (Doc. No. 28 at 6–7). Defendant was also advised he was facing a five-year mandatory sentence, with the possibility of up to a twenty-year prison sentence, a fine of up to $250,000, and lifetime supervised release. Defendant acknowledged he understood these risks as well (Doc. No. 28 at 12). Defendant was also told he would likely receive, and did in fact receive, a three-point reduction in his Guideline sentence calculation for acceptance of responsibility (*id.*; Doc. No. 29 at 4). Defendant also acknowledged he understood he could receive a sentence longer or shorter than he expected and he was bound by his plea of guilty (*id.* at 15).

Defendant also listened to a recitation of the evidence the Government expected to present at trial, including that there were over 100 videos and over 1,000 images of child pornography on his computer. When the Government finished, this Court asked Defendant if he "disagree[d] with any part of the statement" by the Government or wanted to add anything further, and Defendant responded "No, I do not" (*id.* at 17).

Finally, this Court had the following exchange with Defendant regarding whether his plea was voluntary (*id.* at 17–18):

6

| THE COURT: | Is your plea entirely voluntary? |
| DEFENDANT: | Yes, it is. |

| THE COURT: | Is your plea made without any threat or promise for you to enter into the plea? |
| DEFENDANT: | No, it's not. |

| THE COURT: | No, it's not? |
| DEFENDANT: | No, there's no fear at all. |

| THE COURT: | No one has threatened or promised you anything in order for you to enter into this plea; is that correct? |
| DEFENDANT: | Correct. |

| THE COURT: | Is your plea then of your own free will because you are, in fact, guilty? |
| DEFENDANT: | Yes. |

| THE COURT: | Do you feel it is in your best interest to enter into a guilty plea today? |
| DEFENDANT: | Yes, I do. |

Although Defendant now claims his plea was involuntary, that assertion is belied by the record.  He was advised by competent counsel, he was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent. Furthermore, the consequences of pleading guilty were fully explained to Defendant -- including that his sentence may be longer than he expected -- and in turn Defendant acknowledged he understood those consequences (Doc. No. 28 at 15).  In fact, Defendant's guilty plea resulted in a lower Guideline range -- whatever his private expectations may have been.  *United States v. Ford*, 15 F. App'x. 303, 308 (6th Cir. 2001) ("Unfulfilled subjective expectations of counsel and a defendant regarding the possible length of sentence do not render an otherwise valid plea involuntary."); *see also United States v. Curtis*, 2000 U.S. App. LEXIS 1430 (6th Cir. 2000).

## CONCLUSION

For each of the foregoing reasons, Defendant's Motion (Doc. No. 33) is denied.

IT IS SO ORDERED.

_____s/ Jack Zouhary_____
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 5, 2011

8